# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * *
BETTY JEAN WIRSEN                           *
Personal representative of the estate of,   *
John Wirsen, deceased                       *
                                            *   No. 21-1571V
                  Petitioner,               *   Special Master Christian J. Moran
                                            *
v.                                          *
                                            *   Filed:  July 5, 2023
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
                  Respondent.               *
* * * * * * * * * * * * * * * * * * * * * * *
```

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Jennifer A. Shah, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On July 5, 2023, the parties filed a joint stipulation concerning the petition for compensation filed by John Wirsen on July 13, 2021. Mr. Wirsen alleged that the influenza vaccine he received on October 14, 2019, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer transverse myelitis ("TM") as defined in the Table. Mr. Wirsen passed away during the pendency of his claim, and Betty Jean Wirsen ("Petitioner") took over Mr. Wirsen's claim as personal representative of his estate. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Wirsen's behalf as a result of his condition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted in the website.

Respondent denies that Mr. Wirsen suffered from TM; denies that the influenza vaccine caused Mr. Wirsen to suffer from TM or any other injury; and denies that any of Mr. Wirsen's alleged damages were caused by the influenza vaccine or any claimed vaccine-related illness.  Petitioner has not claimed that Mr. Wirsen's death was the result of the influenza vaccine or any vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $150,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BETTY JEAN WIRSEN, as Personal Representative of the Estate of John Wirsen, Deceased, ) ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) ) Respondent. ) | No. 21-1571V Special Master Moran ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. John Wirsen ("decedent") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program"). On October 22, 2022, the decedent died. On March 20, 2023, Betty Jean Wirsen, as personal representative of the Estate of John Wirsen, deceased, was substituted as the petitioner ("petitioner") in this case. The petition seeks compensation for injuries allegedly related to the decedent's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. The decedent received a flu vaccine on or about October 14, 2019.

3. The flu vaccination was administered within the United States.

4. Petitioner alleges that the decedent suffered transverse myelitis ("TM") that was caused in fact by the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action

1

for damages on decedent's behalf as a result of his condition.

6. Respondent denies that the decedent suffered from TM; denies that the flu vaccine caused the decedent's alleged injury or any other injury; and denies that any of the alleged damages were caused by the decedent's flu vaccination or any claimed vaccine-related illness. Petitioner has not claimed that the decedent's death was a result of the flu vaccine or a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$150,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as personal representative of the Estate of John Wirsen, and on behalf of the Estate and the decedent's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of the decedent resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 14, 2019,

as alleged by petitioner in a petition for vaccine compensation filed July 13, 2021, in the United States Court of Federal Claims as petition No. 21-1571V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Service that the flu vaccine caused the decedent's alleged injury or any other injury or his death.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*/s/ Betty Jean Wirsen/*
BETTY JEAN WIRSEN, as Personal
Representative of the Estate of John Wirsen,
Deceased

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Ronald C. Homer/Meredith Daniels/*
RONALD C. HOMER   Rule 83.1(c)(2)
Conway Homer PC
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990
mdaniels@ccandh.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman/*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Henry P. Mcmillan -S3
Digitally signed by Henry P. Mcmillan -S3
Date: 2023.06.16 13:01:19 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Jennifer A. Shah/*
JENNIFER A. SHAH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-2181
jennifer.shah@usdoj.gov

Dated: July 3, 2023

5